**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BOB SAVAGE, | No. 12-15931 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01346-LKK-JFM |
| v. | |
| SUZAN HUBBARD, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Bob Savage appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging federal and state law

claims arising from being temporarily removed from a program under which meals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

were delivered to him and other inmates in their cells. We have jurisdiction under 28 U.S.C. § 1983. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Savage's deliberate indifference claim because Savage failed to raise a genuine dispute of material fact as to whether defendants knew of and consciously disregarded a serious risk of harm to his health when a prison doctor authorized Savage's temporary removal from the in-cell meal program. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting forth objective and subjective prongs of deliberate indifference claim); *Toguchi*, 391 F.3d at 1059-1060 (neither conduct rising to the level of negligence nor inmate's difference of opinion with physician is sufficient to establish deliberate indifference).

The district court properly granted summary judgment on Savage's equal protection claim because Savage failed to raise a triable dispute as to whether defendants intentionally treated him differently from other, similarly-situated inmates, and whether any such difference in treatment was not rationally related to valid penological interests. *See City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (setting forth elements of equal protection claim).

The district court properly granted summary judgment on Savage's claims

under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act because Savage failed to raise a triable dispute as to whether defendants knew that removing him from the in-cell meal program would likely harm any federally protected right, and that they failed to act upon that likelihood. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (setting forth test for intentional discrimination under the ADA and the Rehabilitation Act),

Issues raised in Savage's brief that are not supported by argument—such as the partial dismissal of his remaining claims; the dismissal of his state law claims because the district court declined to exercise supplemental jurisdiction; and the denials of his motions for discovery, a preliminary injunction, the appointment of counsel, and other relief—are deemed abandoned. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

Savage's remaining contentions regarding defendants' alleged submission of unsigned declarations and the district court's allegedly erroneous denial of his request for a directed verdict are unpersuasive.

**AFFIRMED.**